[Civ. No. 5274. First Appellate District, Division Two.—December 19, 1925.]

F. H. HEEP, Respondent, v. E. R. BOHAN, Appellant.

[1] ASSAULT — PERSONAL INJURIES — ACTION FOR DAMAGES — SUFFICIENCY OF EVIDENCE—SUPPORT OF JUDGMENT.—In this action for damages for injuries sustained by plaintiff in attempting to avoid an anticipated blow directed at him by defendant, the evidence was sufficient to support the judgment in favor of the plaintiff.

[2] APPEAL—REVIEW OF EVIDENCE—POWER OF APPELLATE COURT TO PASS UPON PREPONDERANCE OF EVIDENCE—JUDGMENTS.—It is not the function of the appellate court to weigh the evidence and decide upon its preponderance, but the power of the court with reference to the facts ends upon finding in the record substantial evidence which, if taken as true, would support the judgment.

---

(1) 5 C. J., p. 687, n. 1. (2) 4 C. J., p. 844, n. 66, p. 853, n. 59, p. 855, n. 82.

2. See 2 Cal. Jur. 918; 2 R. C. L. 194.

APPEAL from a judgment of the Superior Court of Los Angeles County. Thomas O. Toland, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Waters for Appellant.

I. R. Rubin and M. G. C. Harris for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment of three hundred dollars against him in an action for damages for assault. The defendant was in the business of selling paints and the plaintiff was a builder. Plaintiff had engaged a third person to do some painting on a building which he was constructing and claimed to have paid such third person for his work and the materials used. The materials were supplied, however, by defendant, who caused a lien to be placed upon the building for their value. Plaintiff went to the place of business of the defendant and attempted to compromise with him upon his claim. He explained to the defendant that he had paid the painting contractor and should not have to pay the bill twice. Defendant declined to suffer any loss or to sacrifice his right to a lien. The plaintiff became angry and said, in effect, that he would take the matter up with the district attorney, whereupon defendant ordered him to leave the place.

The evidence of what happened thereafter is conflicting. Plaintiff states that defendant pushed him toward the door and after he had reached the sidewalk pushed him again and that he twisted himself in attempting to avoid an anticipated blow, thereby causing injury to his groin from which he suffered severely for several weeks. There is also testimony of a physician that the plaintiff came to him suffering from an injury to the groin on the day of the assault and that he treated him for several weeks and made a charge of seventy dollars for his services; that such an injury cannot be completely relieved for several months.

[1] This testimony, of course, supports the judgment and really ends the inquiry of this court, for appellant's claim is that the evidence is not sufficient to support the

judgment. The defendant admitted placing his hands upon plaintiff and giving him a slight push as he was leaving his store after being ordered out, but contends that the pressure exerted was very slight and maintains that he never touched plaintiff after he reached the sidewalk, which latter occasion is the one when plaintiff states he suffered injury. In this testimony defendant is corroborated by several witnesses who were in the store at the time.

[2] If we should be disposed to agree with the defendant that the evidence preponderates in his favor, that would not entitle him to a reversal of this judgment. It is not our function to weigh the evidence and decide upon its preponderance; our power with reference to the facts ends upon finding in the record substantial evidence which, if taken as true, would support the judgment. We have pointed out such evidence in this case and the judgment must be affirmed.

It is so ordered.

Sturtevant, J., and Nourse, J., concurred.